INFOMED, a New Jersey Corporation,
Plaintiff,

v.

HEALTHCARE OF LOUISVILLE, INC.,
a Kentucky Corporation, Defendant.

Civ. A. No. 80–2916.

United States District Court,
D. New Jersey.

Dec. 3, 1981.

Philip B. Papier, Jr., A Professional Corporation, Princeton, N. J., for plaintiff.

Henry F. Wolff, III, Schumann, Hession, Kennelly & Dorment, Jersey City, N. J., for defendant.

## OPINION

DEBEVOISE, District Judge.

This is an action brought by plaintiff Infomed corporation for breach of a contract in connection with its installation of a computerized information system in Louisville, Kentucky for defendant Healthcare. Plaintiff is a New Jersey corporation which provides data processing services to the health care industries. Infomed custom designs the system to meet the customer's specifications. In addition, it supplies the hardware (the on-site computer) which operates the system. Defendant is a federally qualified non-profit Health Maintenance Organization (HMO) incorporated under the laws of Kentucky and located in Louisville, Kentucky. Jurisdiction is based upon diversity of citizenship, 28 U.S.C. § 1332.

The matter is currently before the Court on defendant Healthcare's motion to dismiss for lack of personal jurisdiction, *Fed.R. Civ.P.* 12(b), or, in the alternative, to transfer the case, pursuant to 28 U.S.C. § 1404(a), to the Western District of Kentucky.

Healthcare's present Executive Director, Garrad P. Kramer, has submitted an affida-

vit in which he states that Healthcare provides medical treatment in Louisville, Kentucky for its enrolled members, all of whom reside within twenty-five miles of Louisville. Mr. Kramer further states that Healthcare maintains no offices or outlets in the State of New Jersey; does not advertise or solicit members in New Jersey; and does not have any employees or representatives who enter New Jersey on business. In short, Mr. Kramer concludes, Healthcare has no business activities of any nature in New Jersey.

In further support of its motion Healthcare submits the affidavit of Betty Fleischaker, who was Executive Director of Healthcare at the time the parties entered into the contract now in dispute. Ms. Fleischaker describes that in 1978 Infomed communicated with her by telephone to propose that Infomed install a computerized information system at Healthcare. She states that in order to determine the feasibility of such a system, representatives of Infomed visited Healthcare's facilities in Louisville, and Healthcare, in turn, mailed certain data to Infomed in New Jersey. The contract which forms the basis of this suit, according to Ms. Fleischaker, was mailed to Healthcare, which signed it and returned it to Infomed in New Jersey. Subsequently, she alleges, the equipment and computer programming was delivered to Healthcare in Louisville and was used entirely there. Finally, she claims that at no time prior or subsequent to the negotiations and execution of the contract with Infomed did *she personally* enter New Jersey for any purpose relating to this contract.

Infomed has failed to submit an affidavit in support of its contention that sufficient contacts exist to support jurisdiction over Healthcare in this Court and, instead, repeats in its brief the claims stated in its complaint concerning defendant's contacts with New Jersey: that prior to the execution of the contract two representatives of Healthcare came to Infomed's office in New Jersey in order to review its capabilities of performing the substance of the contract and to review the terms of the

proposed contract; that all data processing programs and software development for the contract was performed by Infomed in New Jersey; that the contract was signed and accepted by Infomed in New Jersey; and, finally, that the contract specifically provides for New Jersey law to govern its interpretation and enforcement. Defendant does not directly dispute any of these claims; rather, Healthcare simply explains that its representatives visited Infomed's offices in New Jersey at plaintiff's request "prior to the execution of the contract and [these visits] do not relate in any sense to the actual performance of the contract". (Defendant's Brief, at page 8.)

Although the contacts described by plaintiff are not asserted in an affidavit or verified complaint, I will assume their truth for purposes of this motion since they are not contradicted by defendant's affidavits.

In determining the question of in personam jurisdiction in this case this Court must first look to the laws of New Jersey governing service of process since service was effected pursuant to Rule 4(d)(7) and 4(e), *Fed.R.Civ.P.* New Jersey's long-arm statute applicable to non-resident corporations, *N.J. Court Rules* 4:4–4(c)(1), authorizes service as provided therein "consistent with due process of law". The New Jersey courts have construed this phrase to permit out-of-state service "to the uttermost limits provided by the United States Constitution". *Avdel Corporation v. Mecure*, 58 N.J. 264, 268, 277 A.2d 207 (1971). This, of course, brings us back to federal constitutional law, and we must decide whether exercise of jurisdiction in this case over Healthcare comports with due process under the Federal Constitution.

The Supreme Court recently reaffirmed, in *World-Wide Volkswagen Corporation v. Woodson*, 444 U.S. 286, 291, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980), that a court "may exercise personal jurisdiction over a non-resident defendant only so long as there exist 'minimum contacts' between the defendant and the forum state". If a non-resident corporation is to be subjected to

the forum state's jurisdiction for all purposes, there must be "sufficient contacts or ties with that state to permit a finding that the corporation has availed itself of the benefits and protection of the laws of that state", *Gelineau v. New York University Hospital*, 375 F.Supp. 661, 664 (D.N.J.1974); see *International Shoe Co. v. Washington*, 326 U.S. 310, 318, 66 S.Ct. 154, 159, 90 L.Ed. 95 (1945).

Fewer contacts have been required to sustain the exercise of jurisdiction where the cause of action arises out of the contacts themselves. In *McGee v. International Life Insurance Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), the Supreme Court held that in an insurance contract case jurisdiction could properly be asserted over a non-resident corporation which otherwise lacked the necessary minimum contacts as long as there was a "substantial connection" between the contract sued upon and the forum state. A "substantial" connection was found in *McGee* where "[t]he contract was delivered in [the forum state], the premiums were mailed from there and the insured was a resident of that State when he died". *Id.* at 223, 78 S.Ct. at 201. Further, in *McGee* the forum state had demonstrated a strong policy interest in such insurance contracts by enacting a statute specifically covering suits by residents against insurance companies incorporated in other states.

A plaintiff's unilateral activity alone will not subject a non-resident defendant to in personam jurisdiction. There must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws". *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Moreover, the mere foreseeability that a defendant's activities would have an effect in the forum state is not alone sufficient to support jurisdiction. Rather, the defendant's connection with the forum state must be such that he "should reasonably anticipate being haled into court there". *World-Wide Volkswagen Corp. v.*

*Woodson, supra*, 444 U.S. at 297, 100 S.Ct. at 567.

Applying these principles to the present case, I find that the Court may not, consistent with Due Process of law, exercise jurisdiction over the defendant Healthcare.

A health maintenance organization is a particularly local organization, conducting its activities and serving its patients in a narrowly restricted geographical area. Defendant Healthcare clearly does not have sufficient ties with New Jersey so that it may be sued here for all purposes, *International Shoe Co. v. Washington, supra*, 326 U.S. at 318, 66 S.Ct. at 159 (1945).

As to subjecting Healthcare to jurisdiction in New Jersey for the purpose of suit on this particular contract, there are only three factors to which Infomed can point tying Healthcare to New Jersey—(i) the fact that plaintiff Infomed conducted a substantial part of its work under the contract in New Jersey, (ii) the fact that two of Healthcare's employees came to New Jersey prior to execution of the contract for the purpose of reviewing plaintiff's capabilities and to review the terms of the proposed contract, and (iii) the contract itself provides that it is a New Jersey contract and shall be interpreted under the laws of the State of New Jersey. In my opinion, none of these factors suffice to bring Healthcare within the in personam jurisdiction of this Court even for purposes of suit on the contract in question.

*Hanson v. Denckla, supra*, makes it abundantly clear that a *plaintiff's* activity in the forum state will not serve as a basis for subjecting an out-of-state *defendant* to suit even if the activity in the forum state is pursuant to a contract to which defendant is a party.

The visit of Healthcare's two employees to New Jersey was not for the purpose of carrying on the business activities of Healthcare; it was to inspect plaintiff's operations and to discuss the proposed contract. That isolated incident can hardly be characterized as purposefully availing oneself of the privilege of conducting activities

within New Jersey such that it "should reasonably anticipate being haled into court there". *World-Wide Volkswagen Corp. v. Woodson, supra.*

The contract provision is not a consent to submit to the jurisdiction of New Jersey courts; it is a choice of law provision. As such it would be of some relevance in a motion to transfer pursuant to 28 U.S.C. § 1404(a), but it does not bring Healthcare within the in personam jurisdiction of New Jersey courts.

Plaintiff relies heavily upon *Avdel Corporation v. Mecure, supra,* the facts of which are very close to those in the present case. In *Avdel* the plaintiff, a New Jersey corporation, sued in New Jersey a New York defendant to recover on a contract for the manufacture and sale to defendant of rivets. Seventy-five per cent of the rivets were manufactured in New Jersey (the balance being imported by plaintiff from England) and all were shipped to defendant in New York. Defendant visited plaintiff's plant in New Jersey to discuss matters relating to the contract, and on three occasions defendant came to New Jersey to return some rivets. Otherwise defendant had no material contacts with New Jersey.

The New Jersey Supreme Court held that defendant's contacts with New Jersey were sufficient to permit service on defendant without violating the mandates of the United States Constitution. This conclusion was based in good measure upon the ruling that Due Process is satisfied if a contract sued upon has a substantial connection with the forum state, particularly where an out-of-state defendant knows that his contract or order for goods will have significant effects in the forum state.

This ruling would seem to be in conflict with the principle set forth in *Hanson v. Denckla* that a plaintiff's unilateral activity will not subject a non-resident to in personam jurisdiction and with the principle set forth in *World-Wide Volkswagen Corp.* that foreseeability alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause. Federal law, of course, governs these issues.

Further, there is one factor which distinguishes *Avdel* from the present case. In *Avdel* the defendant subjected to the jurisdiction of New Jersey's courts was from New York, an adjacent state. In the present case the defendant which plaintiff seeks to bring into New Jersey is from a distant state, Kentucky. If territoriality is the sole criteria, then it would be immaterial whether the non-forum state was adjacent to or at a great distance from the forum state. However, it is evident from the Supreme Court cases that other factors beside territoriality will enter into the determination, such as the reasonableness of requiring a defendant to defend in a distant forum, the effect on the social policies of the affected states, etc., *see World-Wide Volkswagen Corp., supra; see also*, Comments, *Federalism, Due Process and Minimum Contacts*, 80 Col.L.Rev. 1341. Looking at the present case, there are no strong social policies of the State of New Jersey favoring suit against Healthcare in New Jersey. This distinguishes the case from *McGee.* Infomed was clearly doing business in Kentucky and can sue and be sued there. There is a policy of every state, including Kentucky, to protect its citizens from suit in distant parts of the country where they have no significant contacts.

For all these reasons Healthcare's motion to dismiss should be granted. However, if Infomed prefers, instead of dismissing the action I will enter an order transferring it to the Western District of Kentucky pursuant to 28 U.S.C. § 1406(a).

In view of this determination, it is unnecessary to consider defendant's motion to transfer pursuant to 28 U.S.C. § 1404(a).